# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delbert Fred Brechler, | No. CV-17-08130-PCT-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, | |
| Respondent. | |

This matter is before the Court on Petitioner Delbert Fred Brechler's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") (Doc. 10) issued by United States Magistrate Judge Michelle H. Burns on August 22, 2018. Petitioner raises four claims of ineffective assistance of counsel in his Petition (Doc. 1): first, that his trial counsel was ineffective for not objecting to his prosecution *in absentia* ("Ground 1"); second, that his trial counsel was ineffective at sentencing for not presenting mitigation evidence ("Ground 2"); third, that his trial counsel was ineffective for "fail[ing] to object to the trial court sentencing petitioner on misdemeanor DUI and sentencing him to extreme DUI at the same time for the same offense" ("Ground 3"); and fourth, that his trial counsel was ineffective for not objecting to the family and friends of the victim wearing shirts in remembrance of the victim "at every court date" ("Ground 4").

After a thorough analysis, Magistrate Judge Burns determined that Petitioner had

failed to fairly present any of his ineffective assistance of counsel claims to the state court, and thus all were procedurally defaulted. (Doc. 10 at 8). Magistrate Judge Burns further found that no basis existed to excuse the defaults because Petitioner could not show cause and prejudice, or that a fundamental miscarriage of justice would occur if the merits of the claims were not considered. (Doc. 10 at 8-9). Magistrate Judge Burns specifically found that the narrow exception found in *Martinez v. Ryan*, 566 U.S. 1 (2012), did not apply to excuse the default of Petitioner's ineffective assistance of counsel claims. (*Id.* at 9). Accordingly, Magistrate Judge Burns recommends that the Petition be denied and dismissed with prejudice and that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied because the dismissal is justified by a plain procedural bar and jurists of reasons would not find the procedural ruling debatable.

Petitioner filed Objections to the R&R (Doc. 11) and a Motion for Certificate of Appealability (Doc. 12) on September 4, 2018. Respondents filed a Reply (Doc. 13) on September 6, 2018. Petitioner subsequently filed two Motions for Case Status (Docs. 16 & 17).

**I. Standard of Review and Background**

The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Magistrate Judge Burns provided a comprehensive summary of the factual and procedural background of this case in the R&R. (Doc. 46 at 1-4). The Court need not repeat that information here, particularly as Petitioner has not objected to it. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (noting that the relevant provision of the Federal

Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection.").

Petitioner's three objections to the R&R relate to the Magistrate Judge's finding that Petitioner failed to establish cause under *Martinez v. Ryan* to excuse the procedural defaults of the claims in Grounds 1-3.[1] Petitioner first contends that Judge Burns applied the wrong standard of review in resolving Ground 1 when she determined that Petitioner's trial counsel did not perform deficiently by failing to object to his absence at trial. Petitioner next objects to Judge Burns' finding that the record showed that trial counsel presented mitigation evidence prior to Petitioner's sentencing, thus undermining any alleged ineffective assistance of counsel claim in Ground 2 for failure to properly present mitigating evidence. Finally, Petitioner objects to the standard of review Judge Burns applied to resolve Petitioner's Ground 3 claim that his trial counsel failed to object when the state court sentenced Petitioner on both a misdemeanor and extreme DUI for the same offense. The Court will review these three objections *de novo*.

## II. Procedural Default and Excuse under *Martinez v. Ryan*

Federal review is generally not available for a state prisoner's claims when those claims have been denied pursuant to an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A court may, however, review a claim that has otherwise been procedurally defaulted when a petitioner can demonstrate legitimate cause for his failure to exhaust the claim in state court and prejudice from the alleged constitutional violation, or alternatively show that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Id.* at 750. *Reed v. Ross*, 468 U.S. 1, 9 (1984) (noting that federal courts retain the authority to consider the merits of defaulted claims because procedural default principles are based on considerations of comity and not jurisdiction).

Generally, "cause" for a procedural default exists if a petitioner can demonstrate

---

[1] Petitioner does not object to Judge Burns's recommendations as they relate to Ground 4; the Court has nevertheless reviewed the record and adopts the R&R's recommendations as to Ground 4. *Thomas*, 474 U.S. at 149.

- 3 -

that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *accord Coleman*, 501 U.S. at 753. Generally, counsel's negligence, ignorance, or inadvertence does not qualify as "cause" because these acts are not considered "external" to the defense. *Coleman*, 501 U.S. at 752–54 (*citing Carrier*, 477 U.S. at 488) (noting that counsel's acts are generally attributable to the petitioner). Indeed, attorney error will not constitute "cause" to excuse a procedurally defaulted claim unless the ineffective assistance of counsel itself amounts to an independent constitutional violation. *Id.* at 753–54; *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017). Because "[t]here is no constitutional right to an attorney in state post-conviction proceedings…a petitioner [typically] cannot claim constitutionally ineffective assistance of counsel in [post-conviction review ("PCR")] proceedings." *Coleman*, 501 U.S. at 752 (internal citations omitted). In *Martinez v. Ryan*, however, the Supreme Court, recognized a "narrow exception" to the general proposition that ineffectiveness of PCR counsel will not suffice to establish cause to excuse a procedural default:

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17. Accordingly, under the equitable ruling of *Martinez*, a petitioner may establish cause for the procedural default of an ineffective assistance of trial counsel claim "where the state (like Arizona) required the petitioner to raise that claim in collateral proceedings, by demonstrating two things: (1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]…' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 566 U.S. at 14).

Under *Strickland*, a convicted defendant must show that counsel's performance was objectively deficient, and counsel's deficient performance prejudiced the petitioner. *Id.* at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Thus, review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689. Indeed, "[t]he law does not require counsel to raise every available nonfrivilous defense." *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (citations omitted). And it is without question that counsel's failure to take futile action will never constitute deficient performance. *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). *See also Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").

**III. Analysis**

Petitioner objects to the Magistrate Judge's recommendations that Petitioner has failed to establish cause under *Martinez* to excuse the procedural defaults of the ineffective assistance of counsel claims in Grounds 1-3. The Court will address each objection in turn.

**1. Ground 1**

Petitioner first objects to the standard of review Judge Burns applied when considering whether his trial counsel was ineffective for not objecting to Petitioner's absence at his trial. In concluding that Petitioner did not have a substantial claim that his

trial counsel was ineffective for not objecting to Petitioner's prosecution *in absentia*, Judge Burns found that Petitioner had voluntarily absented and thus waived his Sixth Amendment right to be present at every stage of his trial. (Doc. 10 at 12). She therefore concluded that any objection to his absence would have been futile, and thus not a deficient performance under *Strickland*. (*Id.*) Petitioner argues that such a finding is contrary to the standard set out in *Crosby v. United States* (Doc. 11 at 2-5), a case that found that Federal Rule of Criminal Procedure ("Federal Rule") 43 prohibits trials *in absentia* of a defendant who is not present at the beginning of his trial. 506 U.S. 255, 258-59 (1993). Petitioner argues that in light of *Crosby*, the question of whether his absence was "voluntary or [i]nvoluntary is irrelevant." (Doc. 11 at 3). Respondents contend that *Crosby* is inapplicable because (1) the case is an interpretation of Federal Rule 43, not the Constitution; and (2) the Arizona Rules of Criminal Procedure ("Arizona Rules"), not the Federal Rules, apply to Petitioner's state court prosecution. (Doc. 13 at 1-2).

A defendant has a constitutional and statutory right to be present at all stages of his or her trial. U.S. Const. amends. VI, XIV. However, a defendant may intentionally and voluntarily relinquish that right. *Taylor v. United States*, 414 U.S. 17, 20 (1973). Arizona Rule 9.1 governed Petitioner's state court proceedings. Unlike the Federal Rule 43, which prohibits federal courts from proceeding to trial when the defendant is absent at its start, Arizona Rule 9.1 states:

> Except for sentencing or as these rules otherwise provide, a defendant's voluntary absence waives the right to be present at any proceeding. The court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence.

Ariz. R. Crim. Pro. 9.1. The Ninth Circuit has upheld the constitutionality of Rule 9.1. *Brewer v. Raines*, 670 F.2d 117, 118-19 (9th Cir. 1982).

Contrary to Petitioner's contentions, whether his absence was voluntary under Arizona law is entirely relevant to the determination of whether he waived his Sixth

Amendment right to be present at his trial. As Judge Burns correctly found, Petitioner did not meet his burden of overcoming the inference that his absence was voluntary. Petitioner failed to make any argument that he did not have actual notice of the date and time of the trial, that he did not have notice of his right to be present, or that he did not have notice that the proceeding would go forward in his absence. *See* Ariz. R. Crim. Pro. 9.1. The Court agrees thus with Magistrate Judge Burns and finds that Petitioner's absence from trial was voluntary, and Petitioner waived his right to be present at his trial. Under these circumstances, an objection from counsel would have been futile, and cannot serve as the basis for an ineffective assistance of counsel claim. *Baumann*, 692 F.2d at 572 ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."). The Court thus overrules Petitioner's objections to the Magistrate's R&R as they relate to Ground 1.

**2. Ground 2**

Petitioner next objects to Judge Burns's conclusion that Petitioner failed to establish cause for the procedural default of his claim that his trial counsel failed to present mitigating evidence to the jury during the guilt phase of his trial. After reviewing the record, Judge Burns noted that at sentencing, Petitioner's counsel presented mitigating evidence that supported his request for a mitigated sentence and that Petitioner's family was permitted to speak to the court regarding mitigation. (Doc. 10 at 13). Petitioner says this "misses the point" because the mitigating evidence was not presented to the jury when the jury found that aggravating circumstances existed. (Doc. 11 at 6).

Mitigation evidence is evidence that is relevant to punishment because it may reduce the severity of a defendant's sentence. Mitigating evidence does not, however, justify or excuse an offense. As Respondents note, under Arizona law, juries considering non-capital cases are not responsible for imposing punishment and may not consider the possible punishment in reaching their verdicts. *State v. Eisenlord*, 670 P.2d 1209, 1220 (Ariz. Ct. App. 1983). Trial counsel did not therefore err in failing to present mitigation

evidence to the jury. The record reflects that this evidence was properly presented to the court prior to Petitioner's sentencing.

Accordingly, the Court also overrules Petitioner's objections to the Magistrate's R&R as they relate to Ground 2.

**3. Ground 3**

Finally, Petitioner objects to the standard of review Judge Burns applied in concluding that he failed to establish cause for the procedural default of Ground 3 claim that his trial counsel failed to object when the trial court simultaneously sentenced Petitioner for a misdemeanor DUI and extreme DUI for the same offense.

The record shows that after his trial, Petitioner was sentenced to an aggravated sentence of eighteen years for manslaughter (count 1) to run consecutively to an aggravated sentence of ten years for aggravated assault (count 2), which were to run consecutively to each of the three counts of DUI (counts 3, 4, and 5), which the court sentenced defendant to sixty days in jail with credit for sixty days served, all to run concurrently. On appeal, the state appellate court vacated Petitioner's conviction for DUI with a BAC over .08% because it found that it was a lesser-included offense to his conviction for DUI with a BAC over .15%. In her R&R, Judge Burns found that even assuming the trial counsel performed deficiently in failing to object to the lesser-included counts of DUI, in light of the trial court's ultimate sentence, the alleged failure was harmless. (Doc. 10 at 15). This Court agrees. The sentence imposed for the DUIs was sixty days in jail with credit for sixty days served, to run concurrently. Had counsel objected, and the trial court vacated the lesser-included offense, Petitioner would still be serving time for counts 1 and 2. *See Strickland*, 466 U.S. at 694 (holding that to establish prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Moreover, on direct appeal, the Arizona appellate court did vacate the lesser-included offense. Because he cannot establish prejudice, Petitioner cannot establish cause under *Martinez* to excuse the procedural default of this alleged ineffective assistance of counsel

claim.

**IV. Conclusion**

For the foregoing reasons, and after conducting its own *de novo* review, the Court reaches the same conclusion as Magistrate Judge Burns and finds Petitioner has failed to establish cause for his procedurally defaulted ineffective assistance of counsel claims. Petitioner's habeas petition must therefore be denied.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Burns R&R (Doc. 10) is **accepted** and **adopted**. Petitioner's Objections (Doc. 11) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability is **denied** because dismissal of the Amended Petition is in part justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and in part justified because reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Petitioner's Motion for Certificate of Appealability (Doc. 12) is **denied**.

**IT IS FURTHER ORDERED** that the Motions for Case Status (Docs. 16 & 17) are **denied** as moot.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 25th day of July, 2019.

Honorable Diane J. Humetewa
United States District Judge